## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____
                                          :
PHL VARIABLE INSURANCE COMPANY      :        CASE NO.
One American Row                           :
Hartford, Connecticut 06102-5056,         :
                                          :
        Plaintiff,                        :
                                          :
        -vs-                              :
                                          :
                                          :
LARRY P. CHINN                            :
343 Goodwyn Street                        :
Memphis, Tennessee 38111,                 :
                                          :
        Defendant.                        :        FEBRUARY 25, 2014
_____:

### COMPLAINT

Plaintiff, PHL Variable Insurance Company ("PHL"), by and through its undersigned attorneys, and by way of its Complaint (the "Complaint") against Defendant, Larry P. Chinn ("Chinn") hereby states as follows:

### INTRODUCTORY STATEMENT

1.     PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the state of Connecticut.

2.     Upon information and belief, Chinn is a citizen of the state of Tennessee.

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a),

as this is the judicial district in which a substantial part of the events giving rise to the subject claim occurred and in which the parties have contractually agreed to litigate any action, suit or other proceeding.

## FIRST COUNT

4.      PHL repeats and restates each and every allegation contained in Paragraphs 1 through 3 of this Complaint, as if fully rewritten herein.

5.      On or about June 30, 2008, Chinn entered into a Brokerage General Agent Agreement (the "Agreement") with PHL. A true and exact copy of the Agreement is attached hereto as Exhibit "A." Non-public personal information has been redacted from this Exhibit.

6.      The Agreement provides for, among other things, compensation to Chinn in connection with the sale by Chinn of certain insurance products issued by PHL. See, e.g., Agreement, Article III.

7.      The Agreement requires that if Chinn is paid any compensation for the sale of a policy that has been enhanced with an Alternate Surrender Value Rider, an Enhanced Surrender Value Rider or other similar rider and the policy is subsequently surrendered, Chinn shall repay to PHL the lesser of: 100% of the total compensation paid for the policy; or the amount of any cash surrender value enhancement due to such rider. See Agreement, Section 3.5 and Compensation Schedule 3.1.9, Footnote (d).

8.      The Agreement also provides that if a policy sold by Chinn is lapsed, surrendered, canceled or otherwise terminated by the policyholder by exercising a right given the policyholder by the terms of any rider to the policy, all compensation paid on the policy shall be returned. See Agreement, General Amendment, Section 3.5(c).

9. PHL paid Chinn commissions for the sale of certain life insurance policies, to wit: ## XXXX0404, XXXX0412 and XXXX0419, XXXX0422, XXXX0423, XXXX0437, XXXX0453 and XXXX0456, which were enhanced with Alternate Surrender Value Riders (the "Policies"), in the total sum of Nine Hundred Forty-One Thousand Seventeen and 45/100 Dollars ($941,017.45).

10. The Policies were subsequently surrendered by the respective policyholders and, as a consequence thereof, Chinn was required to repay to PHL the commission paid to him on the sale of the Policies in the sum of Nine Hundred Forty-One Thousand Seventeen and 45/100 Dollars ($941,017.45).

11. Chinn has repaid to PHL the sum of Two Hundred Thousand and 00/100 Dollars ($200,000.00).

12. PHL has demanded payment of the balance due and owing from Chinn, but Chinn has failed and refused to pay any portion of said balance.

13. Pursuant to the terms of the Agreement, PHL has offset Defendant's trailing commissions against the amount owed. As the result of the aforesaid, there is due and owing to PHL from Chinn, the sum of Seven Hundred Sixty-Five Thousand Nine Hundred Nineteen and 08/100 Dollars ($765,919.08), with interest thereon, no part of which has been paid, although payment thereof has been duly demanded.

## SECOND COUNT

14. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 13, inclusive, of this Complaint as if set forth fully herein.

15. As a consequence of the surrender of the Policies, Chinn was obligated to return the commissions paid to him.

16.     Chinn has repaid to PHL only Two Hundred Thousand and 00/100 Dollars ($200,000.00) of the Nine Hundred Forty-One Thousand Seventeen and 45/100 Dollars ($941,017.45) owed.

17.     Chinn has been unjustly enriched by his retention of the aforesaid sum of Seven Hundred Sixty-Five Thousand Nine Hundred Nineteen and 08/100 Dollars ($765,919.08), to which he is not entitled.

18.     PHL has been damaged by said unjust enrichment of Chinn in the amount of Seven Hundred Sixty-Five Thousand Nine Hundred Nineteen and 08/100 Dollars ($765,919.08).

## THIRD COUNT

19.     PHL repeats and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, of this Complaint as if set forth fully herein.

20.     Chinn, being indebted to PHL in the sum of Seven Hundred Sixty-Five Thousand Nine Hundred Nineteen and 08/100 Dollars ($765,919.08), together with interest, upon an account stated between them, has failed to pay to PHL said sum upon demand.  Payment has been demanded, but it has not been made. A true and exact copy of the account statement is attached hereto as Exhibit "B." Non-public personal information has been redacted from this Exhibit.

WHEREFORE, PHL demands judgment against Chinn as follows:

1.      In the sum of Seven Hundred Sixty-Five Thousand Nine Hundred Nineteen and

08/100 Dollars ($765,919.08), with interest accrued and accruing;

2.      For counsel fees and costs; and

3.      For such other and further relief as the Court may deem just and proper.


PLAINTIFF PHL VARIABLE INSURANCE
COMPANY


By:_____
W. Glen Pierson (Federal Bar. No. ct16936)
LOUGHLIN FITZGERALD, P.C.
150 South Main Street
Wallingford, CT 06492
Tel.: (203) 265-2035
Fax: (203) 269-3487
E-mail: gpierson@lflaw.com

*Of Counsel*:   Eliott R. Good, Esq.
Van R. Shirey, Esq.
CHORPENNING, GOOD & PANDORA CO., LPA
605 South Front Street, Suite 210
Columbus, OH 43215
Tel.: (614) 469-1301
Fax: (614) 469-0122
E-mail: ergood@chorgood.com; vrs@chorgood.com

Its Attorneys