```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PHL VARIABLE INSURANCE CO.     :
                               :
                               :
v.                             :    CIV. NO. 3:14CV241 (JCH)
                               :
                               :
LARRY P. CHINN                 :
                               :
```

<u>RULING ON PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION TO COMPEL DISCOVERY COMPLIANCE [DOC. #26] AND ORDER TO SHOW CAUSE RE: PHL'S REQUEST FOR REASONABLE EXPENSES</u>

Pending before the Court is a motion by plaintiff/counterclaim defendant PHL Variable Insurance Company ("PHL") to compel defendant/counterclaim plaintiff Larry P. Chinn ("defendant") to respond to PHL's combined discovery requests served on September 18, 2014. [Doc. #26]. Defendant has failed to file any response to PHL's motion to compel.

On September 18, 2014, PHL served defendant with combined discovery requests, consisting of interrogatories, requests for production and requests for admission. [Doc. #26-1]. On November 6, 2014, defendant filed an unopposed motion for extension of time until December 8, 2014 to respond to the combined discovery requests [Doc. #21], which Judge Hall granted on November 10, 2014 [Doc. #22]. Defendant failed to serve his responses on December 8, 2014 and sought an informal extension of time until January 9, 2015 in which to respond, to which PHL agreed. On January 15, 2015, after having received no discovery responses, PHL agreed to yet another informal response extension through January 23, 2015. [Doc. #22-2]. On January 23, 2015, defendant again having failed to respond to the discovery requests, PHL

1

agreed to a third informal response extension through February 13, 2015. [Doc. #22-3]. On March 12, 2015, after not receiving the promised discovery responses on February 13, 2015, and undoubtedly having lost its patience with defendant's repeated representations that responses were forthcoming, PHL filed the pending motion to compel.

After review, and absent objection, the Court **GRANTS** PHL's motion to compel discovery compliance. Within fourteen (14) days of this Ruling, defendant will provide PHL with its objections and responses to the combined discovery requests, including any responsive documents and privilege log, if applicable.

PHL also seeks payment of its reasonable expenses, including attorney's fees, in bringing the motion to compel. Federal Rule of Civil Procedure 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery." Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 179 F.R.D. 77, 80 (D. Conn. 1998) (citing Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd., 930 F.2d 1021, 1027 (2d Cir. 1991); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)). Rule 37 also permits the Court to order the disobedient party, his attorney, or both, to pay the reasonable expenses, including attorney's fees, caused by the noncompliance. Fed. R. Civ. P. 37(b)(2)(C). "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991) (citation omitted). Here, defendant failed to comply with

2

Judge Hall's November 10, 2014 order requiring that he serve his responses to PHL's discovery by December 8, 2014. Thereafter, rather than seek the Court's permission for an additional extension, he sought the permission of PHL. When PHL extended the courtesy of additional response time, defendant eschewed the new deadlines.

Accordingly, on the current record, defendant is hereby **ORDERED TO SHOW CAUSE** why the Court should not require him to pay PHL's reasonable expenses, including attorney's fees, in bringing the motion to compel. **Failure to show good cause by April 28, 2015 may result in the imposition of sanctions, including payment of PHL's reasonable expenses, including attorney's fees, in bringing the motion to compel.**

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at New Haven, this 7th day of April 2015.

__/s/_____
Sarah A. L. Merriam
UNITED STATES MAGISTRATE JUDGE